The opinion of the Court was delivered by
Nott, J.
This case presents two questions for the consideration of this Court:
1. Whether, on a bill of revivor, to carry into eífect a final decree of the Court of Equity, which has been affirmed in the Court of Appeals, the defendant can be permitted to bring into review the merits of the case which have been once considered and determined ?
2. Whether the Court will grant a re-hearing, or bill of review, where a case has been heard and decided, upon its merits, by the Court of Appeals, upon any other ground than newly discovered evidence, since the trial. I speak of a re-hearing and bill of review, without regard to the technical distinction between them, as, in point of principle, there can be no difference in this case.
The first point has not been much insisted on by the counsel, I presume from an impression that it furnished but little hope of success. And I concur with them in opinion, that any argument which could have been used, in all probability, would have been unavailing. On that subject, therefore, I shall be satisfied with observing that the Court concur in opinion with the Chancellor, for the reasons given in the decree.
The second, if it were now a new question, might perhaps have been one of more difficulty. But when we look back upon the decisions of the Court of Appeals, and see the number of cases in which the question has been considered and decided, we do not feel authorized to sustain this motion. The Court of Appeals was established in the year 1808, and it appears that this question arose shortly after the establishment of the Court. The first case, however, which I find reported, in which the *408 question is directly decided, is the case of James Burn vs. Poaug, 3 Des., 596, which was decided in the year 1813. In that case, it is said, the Court has had occasion to consider these applications for re-hearing, and it has formed an opinion that it is not at liberty, under its present organization, after a full and final decree, to open cases for re-hearing. It would appear, from these observations, that such applications had been frequent, and had been well considered, and that the Court availed itself of that occasion to announce its final determination.
In the year 1818, the case of Perkins and wife vs. Lagn and others occurred. That was an' application for a bill of review. The Judges in that case again remark, that the Act of 1808 declares, that the decrees of the Court of Appeals shall be final and conclusive, and it would be manifestly contrary to its intentions, to allow bills of review for error on the face of them. But as that application was founded on a suggestion of newly discovered matter since the decree, of which the party could not have had the benefit in the first instance, making, as the Judges observe, a new case, the application was granted ozi that ground.
The next case, which is entitled ex parte John R. Murrell, was a petition by Mr. Green, his solicitor, for a re-hearing. All that appears on the minutes of the Court, is an order upon the docket, by the presiding Chancellor, (DeSaussure,) “The petition neither granted or refused, but Mr. Green left to pursue his own course, by bill of review in the Circuit Court.” A bill was filed in the Circuit Court of Georgetown, which was dismissed by Chancellor Thompson, “ because no new matter had been discovered since the rendition of the decree in the former case.” From that decree there was an appeal, and the decree simply affirmed by the Court of Appeals.
The last case, which was one of the last acts of that Court, in December, 1824, was Blair et al. vs. R. G. Farr et al., in which the entry on the docket is, “ Refused, because it was not to ask a review of the case on newly discovered evidence, but to alter the decree on the evidence which had been before the Court and decided on.”
*409 It appears, therefore, that the question has been well considered in the former Court of Appeals, and that the decisions have been uniform, from its first establishment, in the year 1808, to its final extinguishment, in the year 1824. After such a series'of decisions, we must consider the practice and the law as finally and conclusively settled. It appears to me, also, that this practice is conformable with the practice of all the Courts in England and the United States, the organization of which bears any analogy to ours.
The case of Browder vs. McArthur, 7 Wheat., 58, had been remitted to the Court below, to carry into effect a decree of the Supreme Court, and upon an appeal the counsel moved for a rehearing upon the merits. The Court denied the motion, being of opinion that it was too late to grant a rehearing in a cause, after it had been remitted to the Court below to carry into effect the decree of that Court. In Virginia, it has been held that the Superior Court of Chancery cannot grant a bill of review of any matter which has been heard and decided in the Court of Appeals. 1 Hen. and M. 13, McCall vs. Graham. And in the case of Ludlow vs. McCartney, 4 Vin. Abr., 414, it is said, “matters already settled, or which might have been put in issue in the original cause, shall never be drawn into examination upon a bill of review.”
■And it appears, that in England, the House of Lords will not allow a bill of review, or re-hearing, after a cause has been heard and decided by them. Bernal vs. Marquis of Donegal, 3 Dow’s Reports, 157 ; Bampfield vs. Popham.
If, therefore, we are to be governed by the decisions of our own Courts, or by the authority of analogous cases from abroad, we are bound to refuse this motion. If we resort to principle, we shall be led to the same conclusion. A decision of the highest tribunal of the country must necessarily constitute the law of the case decided, whatever subsequent decisions may take place. It is a rule founded on public policy, and intended to prevent the endless litigation which would otherwise necessarily ensue.
*410 If we listen to the application in this case, we shall open a door for a similar application in every case which has been decided since the establishment of that Court. It is, indeed, extremely inconsistent, that the disposition of property under the same will, should depend upon the Court in which the case might happen to be tried. But it was the result of the then unfortunate organization of our Courts, and the evil was no greater than the conflicting decisions, in many other cases, depending on the same principles, many of which are known to exist, and which was one of the causes that led to the present organization of the judiciary. But it is an evil that had better be borne than to introduce a greater, and we must console ourselves with the reflection that it no longer exists.
I am of opinion that the motion must be refused, and that the decree of the Chancellor must be affirmed.
Colcock and JohnsoN, JJ., concurred.

Motion refused.